MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. DIVORCE, § 75*—*when decree for divorce reversed.* Where a decree adjudging defendant to pay certain permanent alimony and solicitor's fee made no specific finding of facts upon which such decree was based and the evidence introduced at the trial was not preserved by complainant by a certificate of evidence or otherwise, *held* that the decree must be reversed.

2. EQUITY, § 547*—*who must preserve evidence on which decree based.* The party in whose favor a decree in chancery is rendered has the legal duty of preserving in some manner the evidence upon which it was based, by a certificate of evidence or otherwise.

3. DIVORCE, § 75*—*when order for temporary alimony reversed.* An order for temporary alimony based upon several affidavits not made a part of the record by signing of a certificate of evidence and otherwise without support in the record should be reversed.

---

## William N. Junker, Appellee, v. Fidelity & Deposit Company of Maryland, Appellant.

### Gen. No. 23,510.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1917. Reversed and judgment of *nil capiat* here. Opinion filed January 28, 1918.

## Statement of the Case.

Action by William N. Junker, plaintiff, against Fidelity & Deposit Company of Maryland, a corporation, defendant, to recover on an accident insurance policy issued by defendant to plaintiff. From a judgment for plaintiff for $23.45, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

A stipulated statement of facts showed plaintiff paid defendant $74.25 as total premium on the policy issued April 13, 1916, which defendant canceled August 2, 1916, and returned to plaintiff its check for $51.46 with letter notifying him of the cancellation. The policy provided that defendant might cancel it at any time by written notice with cash or check for the unearned portion of the premium.

MECHEM, BANGS & HARPER, for appellant; R. M. ADAMS, JR., of counsel.

No appearance for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

INSURANCE, § 187*—*what are rights as to return of earned premium upon cancellation of policy.* The insured under an insurance policy has no legal right to a return of that part of the premium paid which represents payment for a period of time during which he was furnished the protection provided by the policy, where it was canceled in accordance with its provision that the insurer might cancel it on notice and return of the unearned portion of the premium paid.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.